UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JESSE S., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 1:23-cv-00167-LEW |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Supplemental Security Income[1] appeal contends that the Administrative Law Judge (ALJ) erred by assessing a mental residual functional capacity (RFC) unsupported by substantial evidence. *See* Plaintiff's Brief (ECF No. 11). I agree and recommend that the Court vacate the Commissioner's decision and remand this matter for further proceedings consistent with this decision.

## I. Background

The Plaintiff applied for benefits in May 2021. *See* Record at 10. After his[2] claim was denied at the initial and reconsideration levels, he requested a hearing before an ALJ. *See id.* That hearing took place in July 2022, following which the ALJ issued a decision finding that the Plaintiff had the severe impairments of scoliosis, autism spectrum disorder, attention deficit hyperactivity disorder (ADHD), obsessive

---

[1] The Plaintiff also filed an application for Child's Insurance Benefits but withdrew that claim. *See* Record at 10.
[2] Although the record reflects that the Plaintiff has, at times, used feminine pronouns, I will follow his counsel's lead, *see* Plaintiff's Brief at 1 n.1, and use masculine pronouns in this recommended decision.

1

compulsive disorder (OCD), and major depressive disorder. *See id.* at 10, 13. Considering those impairments, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) except he was limited to four hours of standing or walking in an eight-hour workday; could frequently balance; could occasionally climb, stoop, kneel, crouch, and crawl; could not work on sloped or irregular surfaces or at unprotected heights; could complete simple tasks in two-hour blocks within a normal schedule; could interact appropriately with supervisors and a small group of coworkers but could not interact with the public; and could adapt to simple changes. *See id.* at 15-16. Ultimately, the ALJ concluded that the Plaintiff could perform work existing in significant numbers in the national economy and was therefore not disabled. *See id.* at 20-22. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a

different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

In connection with his claim for benefits, the Plaintiff was evaluated by Yvonne DeCory, M.D., in September 2021. *See* Record at 607-11. Based on her examination, Dr. DeCory diagnosed the Plaintiff with autism, OCD, ADHD, anxiety, and depression. *See id.* at 611. Dr. DeCory also offered her opinion on the Plaintiff's ability to perform employment activities:

> The [Plaintiff] has a limited work history and a limited skill set. He has done better with a hands-on job like [a] mowing job where he did not have a lot of communication on a frequent basis. With regard to his understanding and memory, he should be able to remember procedures and follow workplace rules. He should be able to understand and remember short and simple instructions as well as more detailed instructions, especially if they are shown to him rather than spoken to him, as he describes himself as a hands-on learner. With regard to sustained concentration, the [Plaintiff] should be able to carry out more short and simple instructions and with repetition should be able to carry out more detailed instructions. He may have some moderate limitations from his distractibility and may forget steps in a more detailed task. His attention and concentration are moderately impaired by his ADHD which can cause him to become disorganized. He may respond well to a supervisor or a coworker prompting him for the next step. His ability to maintain regular attendance and be punctual is somewhat impaired by his ADHD and possibly more so by his irritable bowel syndrome which is not examined today . . . . With regard to social interaction, the [Plaintiff] has made progress with his social behaviors. However, he may have difficulty being aware of how his behaviors affect other people due to his autism. Otherwise, he is able to interact with the general public, coworkers, and supervisors. He reports he has been able to manage his meltdowns and save them [for] when he is in private. However, the [Plaintiff] has not worked in a prolonged public situation

3

and his "meltdowns" may begin to show themselves at work if he becomes overwhelmed. His ability to maintain neatness and cleanliness is notable for the compulsive throat clearing and spitting and may be impacted by his bowel issues. With regard to adaption, the [Plaintiff] appears to be able to respond to minor changes in the work setting and to be able to problem solve and with repetition should be able to adapt to most changes. It may also take him a longer time to adapt to changes in the workplace setting. He should be able to work independently of others. His ability to manage stress is moderately impaired by his mental health issues and it appears that his management of his stress is inconsistent dependent upon the degree of a flare-up from his anxiety and depression that is happening at the time. Overall, he does appear to possess good judgment.

*Id.* at 610-11.

Following Dr. DeCory's evaluation, Mary Alyce Burkhart, Ph.D., reviewed the Plaintiff's claim at the initial level of review and assessed his mental RFC. *See id.* at 64-75. Dr. Burkhart opined that the evidence supported the medically determinable mental impairments of anxiety and depression but that only anxiety was severe. *See id.* at 67-68. She rejected the diagnoses of autism, ADHD, and OCD, noting that they were self-reported by the Plaintiff and not supported by the objective evidence. *See id.* at 68. Along those same lines, Dr. Burkhart found Dr. DeCory's opinion an "overestimate of the severity of the [Plaintiff's] restrictions/limitations," noting, among other things, that Dr. DeCory based some of her opined limitations "on the [diagnoses] that" were "not supported by the objective evidence." *See id.* at 70.

After the Plaintiff's claim was denied at the initial level, Ryan Haggarty, Ph.D., reviewed the Plaintiff's mental RFC at the reconsideration level. *See id.* at 94-104. In the first section of his opinion listing the Plaintiff's impairments, Dr. Haggarty reiterated Dr. Burkhart's opinion that the Plaintiff's only severe mental impairment

was anxiety. *See id.* at 96. However, in the narrative section of his opinion, Dr. Haggarty noted that the evidence received on reconsideration showed that the Plaintiff suffered from the severe impairments of autism, ADHD, OCD, and depression. *See id.* at 97. Nevertheless, Dr. Haggarty assessed the same mental RFC as Dr. Burkhart and discounted Dr. DeCory's opinion as an "overestimate of the severity of the [Plaintiff's] restrictions/limitations" for the same reasons—including because it was based on diagnoses that were "not supported by the objective evidence." *Id.* at 98-99, 101-03.

In his decision, the ALJ acknowledged that Dr. Burkhart "opined that the record supported diagnoses of anxiety disorder and depressive disorder" while Dr. Haggarty "agreed with the restrictions of Dr. Burkhart but . . . assessed the [Plaintiff's] impairments as" autism, ADHD, OCD, and depression; nevertheless, the ALJ found both opinions "persuasive" because they were "consistent with and supported by the treatment record." *Id.* at 18. Conversely, the ALJ found Dr. DeCory's opined limitations "not fully supported by" the record and found her opinion only "somewhat persuasive to the extent" it was consistent with Dr. Burkhart's and Dr. Haggarty's opinions. *Id.* at 19. Ultimately, the ALJ adopted a mental RFC assessment consistent with Dr. Burkhart's and Dr. Haggarty's assessments. *Compare id.* at 16, *with id.* at 72-74, *and id.* at 101-03.

The Plaintiff argues, among other things, that Dr. Burkhart's and Dr. Haggarty's opinions cannot serve as substantial evidence. *See* Plaintiff's Brief at 5; Reply Brief at 1-2. He points out that it "is not possible for the opinions of both

5

Dr. Burkhar[]t and Dr. Haggarty to be consistent with" the medical evidence and asserts that Dr. Haggarty's opinion is so internally inconsistent that a reasonable mind could not accept it as adequate to support the ALJ's mental RFC assessment. Reply Brief at 3-6.

The Commissioner, on the other hand, argues that the ALJ properly recognized the distinctions between Dr. Burkhart's and Dr. Haggarty's opinions and appropriately relied on Dr. Haggarty's updated opinion when assessing the Plaintiff's mental RFC. *See* Commissioner's Brief (ECF No. 12) at 1-6. The Commissioner asserts that Dr. Haggarty "must have considered" autism, ADHD, OCD, and depression "in developing his RFC findings" after finding those impairments severe. *Id.* at 5.

The Plaintiff has the better argument for several reasons.

First, not even the Commissioner argues that Dr. Burkhart's opinion can serve as substantial evidence supporting the ALJ's RFC assessment. Dr. Burkhart opined that (1) the Plaintiff's only severe mental impairment was anxiety, (2) the Plaintiff's depression was nonsevere, and (3) the Plaintiff's alleged autism, ADHD, and OCD were not medically determinable impairments. *See* Record at 67-68. The ALJ conversely found that the Plaintiff had the severe mental impairments of autism, ADHD, OCD, and depression but not anxiety. *See id.* at 13; *John W. D. v. Saul*, No. 2:19-cv-00478-GZS, 2020 WL 6709556, at *4 (D. Me. Nov. 15, 2020) (rec. dec.) (noting that when medical experts did not find autism to be a medically determinable

6

impairment, "they necessarily did not assess limitations flowing therefrom"), *aff'd*, 2020 WL 7048259 (D. Me. Dec. 1, 2020).

Second, a reasonable mind could not accept Dr. Haggarty's confusing and inconsistent opinion as adequate support for the ALJ's mental RFC assessment. *See Biestek*, 139 S. Ct. at 1154. Dr. Haggarty indicated in one part of his opinion that the Plaintiff's only severe impairment was anxiety but later listed the Plaintiff's severe impairments as autism, ADHD, OCD, and depression. *See* Record at 96-97. Dr. Haggarty then adopted the same RFC narrative as Dr. Burkhart without explanation and parroted word-for-word Dr. Burkhart's reasons for discounting Dr. DeCory's more restrictive opinion without any apparent recognition that Dr. Burkhart had rejected Dr. DeCory's opinion in large part because it was based on diagnoses that Dr. Burkhart rejected at the initial level but that he (Dr. Haggarty) accepted on reconsideration (at least in one part of his opinion).[3]  *See id.* at 98-99, 101-03; *Nathaniel-Bishop W. B. v. Kijakazi*, No. 1:20-cv-00323-JAW, 2021 WL 4147245, at *4 (D. Me. Sept. 12, 2021) (rec. dec.) (recognizing that, although courts do not ordinarily second guess the opinions of medical experts, there may be rare occasions when an expert's errors or inconsistencies are self-evident even to a layperson), *aff'd*, 2021 WL 5750391 (D. Me. Dec. 2, 2021).

---

[3] The Commissioner argues that Dr. Haggarty's treatment of Dr. DeCory's opinion is a "non sequitur because he ultimately concluded that" autism, ADHD, and OCD were severe impairments. Commissioner's Brief at 3. I disagree. Dr. Haggarty stated that Dr. DeCory's opinion was "an overestimate of the severity of the [Plaintiff's] restrictions/limitations." Record at 99. If he had given Dr. DeCory's opinion a true second look instead of merely repeating Dr. Burkhart's assessment of it, he may well have given it more credit and assessed a more restrictive RFC.

7

Finally, instead of coming to grips with these issues in a meaningful way, the ALJ purportedly found Dr. Burkhart's and Dr. Haggarty's disparate opinions "consistent with and supported by the objective treatment record." Record at 18. This error might not have been fatal on its own, but it further tips the scales in favor of my ultimate determination that the ALJ's RFC assessment is unsupported by substantial evidence and remand is required. *Cf. Parker v. Colvin*, No. 1:15-cv-00446-JHR, 2016 WL 4994997, at *5-6 (D. Me. Sept. 19, 2016) (holding that an ALJ's RFC assessment was unsupported by substantial evidence warranting remand where, among other things, one of the expert opinions on which the ALJ relied was internally inconsistent and he purported to give substantial weight to two conflicting opinions).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the matter **REMANDED** for further proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: April 25, 2024

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge